Mr. Justice SWAYNE
delivered the opinion of the court:
The first objection refers to the proof of the signatures of the governor and secretary to the deed to Moreno, which was made by persons acquainted with their handwriting, without those officers being called or their absence accounted for.
*403 There are no subscribing witnesses to the deed. It was therefore allowable, according to the common law, to prove the signatures by any one acquainted with their handwriting. Such evidence was as competent and valid as the testimony of the writers themselves. It is in no sense secondary evidence.* Were the rule otherwise, it is a sufficient answer to the objection, that it does not appear that the evidence was objected to when it was offered and received in the court below. If no objection be made, the existence and contents of a record may be proved by parol evidence, and a court of errors will not for that reason reverse the judgment.† The testimony is found in the record, without any exception, and must have its legitimate effect. In this class of cases, where the documentary proof of title is plenary, and no suspicion is raised as to its genuineness, it is the settled rule of this court to regard such evidence as both competent and sufficient.‡ We have no doubt of the genuineness of all the papers composing this espediente. No question was made upon the subject in the court below.
It is further objected to the decree that “ the location and quantity of the land are entirely uncertain, both in the grant and the diseño.”
The tract is described in the titulo as known by the name of Santa Rosa, and as bounding upon Temecula, the Lagoon, and Santa Margarita. The petitioner asked for a title to all the vacant land in that locality, and it was conceded to him accordingly.
It is proved by the testimony of three witnesses that Santa Rosa was a wrell-known rancho; that Temecula, the Lagoon, and San Margarita were well-known contiguous ranchos, and that there was not the least difficulty either in identifying Santa Rosa, or in ascertaining its boundaries. There is no contradictory evidence upon the subject. The District Court held the evidence to be sufficient, and we concur in that opinion.
*404 The record presents every link in the chain of a perfect espediente. There is a petition with a diseño, an order of reference, an informe by the proper officer, a decree of concession, a titulo, and the approval of the Departmental Assembly.*
The Surveyor-General of California certifies that the espediente is copied from the archives in his possession. It is not necessary to the validity of the title that the land should have been surveyed and the quantity ascertained.†
California belonged to Spain by the rights of discovery and conquest. The government of that country established regulations for transfers of the public domain to individuals. When the sovereignty of Spain was displaced by the revolutionary action of Mexico, the new government established regulations upon the same subject. These two sovereignties are the spring heads of all the land titles in California, existing at the time of the cession of that country to the United States by the treaty of Guadalupe Hidalgo. That cession did not impair the rights of private property. They were consecrated by the law of nations, and protected by the treaty. The treaty stipulation was but a formal recognition of the pre-existing sanction in the law of nations. The act of March 3d, 1851, was passed to assure to the inhabitants of the ceded territory the benefit of the rights of property thus secured to them. It recognizes alike legal and equitable rights, and should be administered in a large and liberal spirit. A right of any validity before the cession was equally valid afterwards, and while it is the duty of the court in the cases which may come before it to guard carefully against claims originating in fraud, it is equally their duty to see that no rightful claim is rejected. No nation can have any higher interest than the right administration of justice.
The decree of the District Court is
Affirmed.

 2 Phillips on Evidence, 4th American edition, 604.

 Newberry v. Lee, 3 Hill, 523.

 United States v. Auguisola, ante, p. 352.

 United States v. Knight’s Adm’r, 1 Black, 245.

 Fremont v. United States, 17 Howard, 542; United States v. Maca, 18 Id., 556.